UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00680-FDW

| | |
|---|---|
| SANDRA INGOLD, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Claimant Sandra Ingold's Social Security Brief (Doc. No. 10), filed December 21, 2022; Defendant Acting Commissioner of Social Security's ("Commissioner") Social Security Brief (Doc. No. 16); and Claimant's Social Security Reply Brief (Doc. No. 17), filed August 15, 2023. Claimant, through counsel, seeks judicial review of an unfavorable administration decision on her claim for a period of disability and disability insurance benefits ("DIB").

The motions are now ripe for review. Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Claimant's Social Security Brief is DENIED; the Commissioner's Social Security Brief is GRANTED; and the Commissioner's decision is AFFIRMED.

**I. BACKGROUND**

On October 14, 2020, Claimant filed an application for Title II benefits. (Tr. 32). Claimant alleges disability beginning November 16, 2018. (Tr. 32). After her application was denied initially and upon reconsideration, Claimant requested a hearing. (Tr. 32). After a telephone hearing on February 24, 2022, the Administrative Law Judge ("ALJ") issued an unfavorable

1

decision on March 10, finding Claimant was not disabled within the meaning of the Social Security Act. (Tr. 32).

During step one of the five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act, the ALJ found Claimant had not engaged in substantial gainful activity since November 16, 2018. (Tr. 34). At step two, the ALJ found Claimant to have the following severe impairments: "cervical cancer; obesity; thyroid disorder; asthma; hypertension." (Tr. 34). At step three, the ALJ determined Claimant did not have an impairment, or a combination of impairments, that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1. (Tr. 36). Before proceeding to step four, the ALJ then found Claimant had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations: "she must avoid concentrated exposure to pulmonary irritants, such as fumes, odors, dusts, gases, poor ventilation and the like; avoid concentrated exposure to workplace hazards, such as dangerous moving machinery and unprotected heights." (Tr. 37). Evaluating step four, the ALJ found Claimant was able to perform her past relevant work as a sales representative, such work did not require her to encounter any of the limitations listed in the RFC. (Tr. 42). Thus, the ALJ concluded Claimant was not disabled under the Social Security Act from November 16, 2018, through the date of the ALJ's decision. (Tr. 43). Because the ALJ determined that Claimant could perform her past relevant work at step four, the ALJ concluded Claimant was not disabled as defined by the Social Security Act from November 16, 2018, through the date of his decision.

The Appeals Council denied Claimant's subsequent request for review, and as a result, the ALJ's decision became the final decision of the Commissioner. (Tr. 1–3). Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the final decision of the Social Security Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401, 28 L. Ed. 2d 842 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

3

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." [Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)] (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant does not meet their burden as to past work, the claimant is deemed not disabled and the benefits application is denied. See id.

### III. ANALYSIS

On appeal, Claimant argues the ALJ erred by failing to find fully credible her subjective claims of extreme fatigue. However, for the reasons discussed below, the Court concludes the ALJ properly evaluated Claimant's subjective claims regarding the effects of extreme fatigue in determining the RFC.

Foremost, an ALJ is solely responsible for assessing Claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," despite impairments and related symptoms. SSR 96-8p, 1996 WL 37484, at *1 (July 2, 1996); see also 20 C.F.R. § 404.1545(a)(1). Moreover, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion." Mascio, 780 F.3d at 636 (quoting SSR 96-8p, 61 Fed. Reg. at 34,478).

5

Furthermore, in determining the RFC, the ALJ considers those impairments supported by the objective medical evidence in the record as well as those impairments that are based on the Claimant's subjective complaints. 20 C.F.R. §§ 404.1545, 404.1529, 416.945, 416.929. In evaluating a claimant's subjective complaints such as pain or fatigue, the ALJ employs a two-step process, see Social Security Ruling ("SSR") 96–7p, 1996 WL 374186 ("Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements"). "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" Craig v. Chater, 76 F.3d 585, 589, 594–95 (4th Cir. 1996) (quoting 20 C.F.R. § 416.929(b)); see also 20 C.F.R. § 404.1529(b). If the first step is satisfied, as it was in this case, the ALJ "must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' ... and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Craig, 76 F.3d at 595 (citing 20 C.F.R. §§ 416.929(c)(3), 404.1529(c)(3)). Finally, in support of their decision, the ALJ must "build an accurate and logical bridge from the evidence to [their] conclusion." Monroe v. Colvin, 826 F.3d 176, 189–90.

In reviewing the ALJ's decision, the Court concludes the ALJ did not err when he did not assign Claimant's level of credibility for her fatigue during step two of the two-step process for evaluating subjective complaints. The ALJ acknowledged and considered Claimant's subjective claims of extreme fatigue. For example, the ALJ summarized the Claimant's husband's 2021 report about Claimant's lack of energy and the resulting consequences. (Tr. 38, 240–47). Moreover, the ALJ also considered Claimant's own testimony regarding her extreme fatigue and

its resulting symptoms. (Tr. 39, 57–58). Furthermore, the ALJ provided two specific reasons, which were neither based on inaccurate readings nor irrelevant information but rather supported by substantial evidence, for his credibility determination on Claimant's subjective claims of extreme fatigue and limitations.

In making his credibility determination regarding Claimant's subjective complaints, the ALJ first concluded the Claimant's husband's report of Claimant's extreme fatigue and its consequences was weakened by evidence indicating the resolution of Claimant's fatigue in connection with her cancer treatment by April 2019. (Tr. 41). Regarding this conclusion, the Claimant argues that her fatigue was not resolved in April 2019 but rather experienced fatigue past April 2019. However, the ALJ cited evidence that "build[s] an accurate and logical bridge" that could substantially lead to the ALJ's conclusion related to Claimant's fatigue connected with her cancer treatment. The ALJ cited to an April 30, 2019, report that stated Claimant's fatigue related to her cancer treatment was "much improved." (Tr. 41, 349). Then, the ALJ cited to evidence that stated Claimant's post-2019 claims of fatigue needed to be tested further by her primary care provider since it was unclear what the origin or cause of the fatigue was. (Tr. 41, citing Tr. 776). Thus, through the foregoing cited evidence, the Court concludes the ALJ "buil[t] an accurate and logical bridge" that could substantially lead to his conclusion and final credibility determination.

Second, the ALJ concluded that Claimant's claims of "some fatigue" and need for extreme limitations in the RFC were contradicted by relevant medical evidence that showed the Claimant to be "well-developed and well-nourished, in no distress, or alert and oriented." (Tr. 41). Regarding this conclusion, Claimant argues the conclusion of her well-being is irrelevant to her subjective complaint of fatigue and was not well explained by the ALJ. However, the ALJ gave sufficient explanation and cited to relevant evidence when he "buil[t] an accurate and logical

7

bridge" that could substantially lead to his conclusion. Not only did the ALJ discuss clinic visit notes, which stated Claimant's "energy and appetite level [as] good," and physical examination results, which stated Claimant as a "[w]ell developed, well nourished female," but he also discussed Claimant's own primary medical provider's medical record that stated Claimant reported no fatigue and was "healthy-appearing, well-nourished, and well-developed." (Tr. 336, 638–39, 655–56, 717, 794). Furthermore, the ALJ explicitly gave some credibility to and took into consideration the Claimant's subjective complaint of fatigue when the ALJ issued an RFC that was more restrictive than the one recommended by the State agency medical consultant. (Tr. 41–42). Thus, through the foregoing evidence, the Court concludes the ALJ not only provided evidence that was relevant and sufficiently explained but also "buil[t] an accurate and logical bridge" that could substantially lead to his conclusion and final credibility determination.

After careful review of the ALJ's opinion and the record overall, the Court is satisfied the ALJ met his burden of engaging in a narrative discussion that shows how the evidence supported his RFC assessment. The Court finds Claimant's assignments of error are without merit and holds the ALJ's decision is in accordance with the applicable legal standards and supported by substantial evidence.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that for the foregoing reasons, Claimant's Social Security Brief (Doc. No. 10) is DENIED; the Commissioner's Social Security Brief (Doc. No. 16) is GRANTED; and the Commissioner's decision is AFFIRMED

IT IS SO ORDERED.

Signed: September 7, 2023

Frank D. Whitney
United States District Judge